USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIFFANY MINOTT,

                Plaintiff,

-against-

GOOGLE LLC,

                Defendant.

24-CV-01674 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On July 29, 2025, the Court of Appeals affirmed this Court's order granting a charging lien to Plaintiff Tiffany Minott's former attorneys, the Washington Law Firm PLLC ("WLF"). *Minott v. Washington L. Firm PLLC*, No. 24-2275, 2025 WL 2111878 (2d Cir. July 29, 2025). This Court subsequently ordered that the case be closed, finding that all issues had been resolved. Dkt. No. 61. Counsel for Plaintiff then filed a letter requesting that the case be reopened to allow the Court to rule on Plaintiff's motion to vacate this Court's original order, noting that the motion to vacate rested on "jurisdictional grounds" that were not raised on appeal. Dkt. No. 62. The motion to vacate (Dkt. No. 46) is DENIED, and the case remains closed.

Essentially, Plaintiff argues that the Court granted a charging lien to WLF based on a pre-litigation retainer agreement between WLF and Minott, but since that retainer agreement was superseded by another agreement, the first retainer agreement is moot, and WLF lacks standing to assert claims based on it. *See generally* Dkt. No. 46. Plaintiff misconstrues the Court's order.

First, the Court did not approve a charging lien pursuant to any retainer agreement. Rather, the Court approved a charging lien because WLF had obtained an interest in Plaintiff's cause of action, which entitled it to a charging lien pursuant to New York Judiciary Law Section

1

475. *See* Dkt. No. 40 at 1. And the Court found that WLF had earned an interest in Plaintiff's cause of action not because it was entitled to fees under a retainer agreement but because it commenced proceedings before the U.S. Equal Employment Opportunity Commission ("EEOC") based on Plaintiff's cause of action. *Id.* at 5–7; *see also Sellick v. Consol. Edison Co. of New York*, No. 15-CV-09082 (RJS), 2017 WL 1133443, at *5 (S.D.N.Y. Mar. 23, 2017) (finding that a charging lien attached to the plaintiff's discrimination claim when her former attorney filed a charge before the EEOC).

Second, the purported mootness of the original retainer agreement does not affect whether WLF is entitled to a charging lien. Again, the lien attached based on WLF's commencement of proceedings before the EEOC. Plaintiff argues that since the original retainer agreement covered only work for pre-litigation matters, WLF has no interest in any settlement that ultimately resulted from subsequent litigation. That may be true if the retainer agreement specifically provides for such a limitation on WLF's fees. *See Sellick*, 2017 WL 1133443, at *5. But the retainer agreement has no such provision, and the Court declines to construe the agreement's limitation on the scope of WLF's work as a contractual bar to recovery for attorneys' fees.

Finally, Plaintiff incorrectly argues that the Court improperly calculated attorneys' fees based on the original retainer agreement. Plaintiff argues that the Court should have relied on the fee arrangement provided by the subsequent co-counsel retainer agreement between Plaintiff, WLF, and the Spiggle Law firm. Dkt. No. 46 at 7–8. But the Court did not calculate fees based on any retainer agreement. Instead, the Court properly applied the theory of *quantum meruit*. *See* Dkt. No. 40 at 7 ("The theory of *quantum meruit*, rather than the retainer agreement, is the basis for determining the amount at which to fix the charging lien."). That inquiry requires

the calculation of an attorney's presumptively reasonable fee, which typically involves the determination of a reasonable hourly rate. In determining the appropriate hourly rate, a court may properly consider a retainer agreement for guidance. *Stair v. Calhoun*, 722 F. Supp. 2d 258, 268–69 (E.D.N.Y. 2010). That is all this Court did—indeed, over the objection of WLF, which contended that the hourly rate provided in the retainer agreement was lower than the firm's current rate. *See* Dkt. No. 40 at 12.

At bottom, Plaintiff's challenge is not jurisdictional. It is merely a challenge to this Court's exercise of its discretion, which has already been affirmed by the Second Circuit. Accordingly, the motion to vacate (Dkt. No. 46) is DENIED. The case remains closed.

Dated: August 8, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge